IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                             PLAINTIFF

v.                       Case No. 4:06-cr-40002-001

LOUIS E. MARTIN, JR.                                                                  DEFENDANT

**<u>ORDER</u>**

Before the Court is *pro se* Defendant Louis E. Martin Jr.'s Motion for Early Termination of Supervised Release. (ECF No. 16). The government has filed a response. (ECF No. 18). The Court finds the matter ripe for consideration.

January 11, 2006, Defendant was named in a four-count Indictment filed in the Western District of Arkansas. On March 24, 2006, pursuant to a written plea agreement, Defendant pleaded guilty to one count of Possession with Intent to Distribute More than 500 Grams of Cocaine. On August 1, 2006, the Court sentenced Defendant to 140 months of imprisonment to run consecutive with a California state sentence, 4 years of supervised release, a $1,000 fine, and a $100 special assessment. The Court also dismissed the remaining counts against Defendant. On November 11, 2016, Defendant began serving his term of supervised release, which is scheduled to terminate on November 10, 2020.

On February 23, 2018, Defendant filed the instant motion. Defendant requests early termination of his supervised release, citing his good behavior since his release from imprisonment. Defendant states that he has complied with all requirements of his supervised release, that he has obtained employment, has had no contact with law enforcement, and has become involved in a youth mentoring program.

The government objects to early termination of Defendant's supervised release, arguing

that Defendant's compliance with the terms of his supervised release for less than half of the total term of supervised release is not enough to support early termination. The government argues further that Defendant has failed to identify any serious impediments which he faces due to remaining on supervised release. The government concludes that the instant motion should be denied.

The United States Probation Office ("USPO") has advised the Court that it also recommends that Defendant's motion be denied. The USPO states that while on supervised release, Defendant has maintained employment, remained committed to a drug-free lifestyle, and has complied with the terms of his supervised release. However, the USPO recommends that the motion be denied at this time due to Defendant's history and characteristics.

A district court may terminate supervised release "if it is satisfied that such action is warranted by conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, the Court must consider factors set forth under 18 U.S.C. § 3553(a), to the extent they are applicable. Section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to provide the defendant with correctional treatment in the most efficient manner.

The Court is pleased that Defendant is doing well while on supervised release. However, upon consideration of the factors listed above, the Court finds that Defendant's motion (ECF No. 16) should be and hereby is **DENIED** due to the seriousness of Defendant's offense, his history and characteristics, and the amount of time he has been on supervised release. Defendant may refile the motion after a greater amount of the imposed term of supervised release has passed.

**IT IS SO ORDERED**, this 25th day of May, 2018.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge