IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                  Case No. 4:06-cr-40002

LOUIS E. MARTIN, JR.                                                                  DEFENDANT

## **ORDER**

Before the Court is Defendant Louis E. Martin, Jr.'s Motion for Early Termination of Supervised Release and the supplement to his motion. ECF Nos. 22, 24. The government has responded. ECF No. 23. The matter is ripe for the Court's consideration.

On July 28, 2006, Martin was sentenced to 140 months in prison to be followed by a four-year term of supervise release for the offense of intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846. On May 11, 2016, Martin was released from prison and is currently on supervised release. He moves the Court for early termination of his supervised release.

In support of his motion, Martin states that he has been "gainfully employed during the entire time period of his supervision and has paid the special assessment and otherwise fulfilled the conditions of his sentence." ECF No. 22, p. 1. He further states that he "is involved in a youth mentoring program as a keynote speaker" and "participates with the Riverview Behavioral Health in-house/outhouse program for youth." ECF NO. 24, p. 2. According to Martin, he is active in his community and "freely gives of his time to help others." ECF No. 22, p. 3. The United States Probation Office ("USPO") confirms that, since his release from federal custody,

Martin has complied with the terms and conditions of his supervised release, maintained a stable residence and job, and fully satisfied the imposed financial obligations. The government objects to early termination of Martin's supervised release, arguing that "[c]omplying with the terms of his supervised release and doing what he is required to do is not sufficient reason to terminate supervised release." ECF No. 23, p. 6.

A district court may terminate supervised release "if it is satisfied that such action is warranted by conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, the Court must consider the factors set out in 18 U.S.C. § 3553(a), to the extent they are applicable. Section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to provide the defendant with correctional treatment in the most efficient manner.

Upon consideration of the factors listed above, the Court finds that Martin's motion (ECF No. 22) should be and hereby is **GRANTED** based on his good conduct since his release from federal custody and in the interest of justice. Martin's term of supervised release is hereby terminated.

**IT IS SO ORDERED**, this 10th day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge